# UNITED STATES COURT OF APPEALS

**FOR THE FOURTH CIRCUIT**

UNPUBLISHED

MATOKA T. ALTEMUS,
　　　　　　*Plaintiff-Appellant,*

v.

MEDICAL COLLEGE OF VIRGINIA
HOSPITAL AND PHYSICIANS VIRGINIA
COMMONWEALTH UNIVERSITY HEALTH
SYSTEM; MARY KRETZ, RN Nurse
Manager,
　　　　　　*Defendants-Appellees.*

No. 01-1591

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
David G. Lowe, Magistrate Judge.
(CA-00-778)

Submitted: November 15, 2001

Decided: December 17, 2001

Before WIDENER, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

D. Scott Gordon, LAWRENCE & ASSOCIATES, Richmond, Virginia, for Appellant. Randolph A. Beales, Attorney General of Virginia, Judith W. Jagdmann, Deputy Attorney General, Guy W. Horsley, Jr., Senior Assistant Attorney General, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Matoka T. Altemus appeals from the district court's order dismissing her complaint filed pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 1994 & Supp. 2001), because it was barred under principles of res judicata. This Court reviews a grant of summary judgment de novo. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). This Court must view the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

For the first time on appeal, she argues it was impossible to raise her Title VII claim in her previously litigated state court action. Arguments raised for the first time on appeal are generally deemed waived, except where refusal to consider the issue would be plain error or result in a fundamental miscarriage of justice. *Karpel v. Inova Health Sys. Servs.*, 134 F.3d 1222, 1227 (4th Cir. 1998). Alternatively, she contends res judicata does not bar her complaints in their entirety because portions of her federal claim do not arise from the identical transaction as her previously litigated state court complaint. We have fully reviewed the record, the district court's opinion, and the parties' briefs and joint appendix, and find no reversible error. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*